IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30008
Summary Calendar

_____

FREDDIE THIBODEAUX,

                                        Petitioner-Appellant,

versus

ED C. DAY, JR., Warden,
Washington Correctional Institute;
RICHARD P. IEYOUB, Attorney General,
State of Louisiana,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1992
- - - - - - - - - -
October 23, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Freddie Thibodeaux, Louisiana prisoner # 315289, filed an application for writ of habeas corpus under 28 U.S.C. § 2254. Thibodeaux argues that there was no evidence to support his guilty plea to aggravated oral sexual battery on one of his victims. Thibodeaux argues that the Fed. R. Crim. P. 11 requires that a state offer sufficient proof to support a guilty plea. State

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

courts must ensure that guilty-plea proceedings satisfy due process requirements, but "state courts are not bound to follow the federal plea-taking procedures" established in Rule 11. Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), modified on other grounds, 646 F.2d 902 (1981).

At his guilty plea, Thibodeaux testified that the prosecutor was correct when he stated that Thibodeaux "would lick their [the young victims] bodies with his tongue." A defendant's solemn declarations in open court carry a strong presumption of truth. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Given this testimony, the state court finding - that Thibodeaux was fully aware of the charges to which he was pleading guilty - cannot be said to be so clearly erroneous as to demand reversal. See Drinkard v. Johnson, 97 F.3d 751, 767-69 (5th Cir. 1996), cert. denied, 117 S. Ct. 1114 (1997).

Thibodeaux also asserts that his counsel was ineffective for allowing him to plead guilty. If a defendant enters a guilty plea on advice of counsel, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Thibodeaux has not shown that there is a reasonably probability that he would have insisted on going to trial but for counsel's actions.

The interests of justice do not require that counsel be appointed to assist Thibodeaux to pursue this appeal. See Self v. Blackburn, 751 F.2d 789, 793 & n.19 (5th Cir. 1985). Thibodeaux's motion is denied.

AFFIRMED; MOTION DENIED.